**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| I.R., a minor by her Mother E.N.,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br>*Defendant-Appellee*. | No. 13-56211<br><br>D.C. No.<br>2:12-cv-09924-<br>R-VBK<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted
July 10, 2015—Pasadena, California

Filed November 17, 2015

Before: Stephen Reinhardt and Richard R. Clifton, Circuit
Judges, and Miranda M. Du,[*] District Judge.

Opinion by Judge Du

---

   [*] The Honorable Miranda M. Du, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

## SUMMARY[**]

### Individuals with Disabilities Education Act

Reversing the district court's judgment in an action under the Individuals with Disabilities Education Act, the panel concluded that a school district did not initiate a due process hearing within a reasonable time after a child's parents failed to consent to the provision of services necessary to provide a Free Appropriate Public Education.

California Education Code § 56346(f) required the school district to initiate a due process hearing if it determined that a portion of an Individualized Education Program to which the parents did not consent was necessary to provide the child with a FAPE. The panel concluded that a period of a year and a half was too long for the school district to wait to initiate the hearing. The panel remanded for the district court to determine the appropriate remedy for the injury of the child remaining in an inappropriate program for a much longer period of time than should have been the case.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Jennifer Guze Campbell, Vanessa Jarvis (argued), Special Education Law Firm, APC, Lakewood, California, for Plaintiff-Appellant.

David Holmquist, Diane H. Pappas, Patrick J. Balucan (argued), Office of General Counsel, Los Angeles Unified School District, Los Angeles, California, for Defendant-Appellee.

## OPINION

DU, District Judge:

California Education Code § 56346(f) requires school districts to initiate a due process hearing if the school district determines that a portion of an Individualized Education Program ("IEP") to which a parent does not consent is necessary to provide a child with a Free Appropriate Public Education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. §§ 1400–1450. This appeal raises the issue of a school district's responsibility to initiate a due process hearing within a reasonable time after a child's parents fail to consent to the provision of services necessary to provide a FAPE. Because we conclude that a period of a year and a half is too long for a school district to wait to initiate a due process hearing pursuant to California Education Code § 56346(f), we reverse and remand.

# I. BACKGROUND

Appellant I.R. is a child. I.R., through her mother ("Mother"), contends that Appellee Los Angeles Unified School District ("LAUSD") failed to provide I.R. with a FAPE for the 2010/2011 and 2011/2012 school years in which I.R. was in second and third grade.

In 2006, in response to Mother's request for an assessment, LAUSD found I.R. to be eligible for special education under the category of "autistic-like" behaviors. An initial IEP meeting was held in August 2006. However, Mother decided to enroll I.R. in a private preschool and then a private school through first grade.

In the fall of 2010, Mother sought to enroll I.R. at Heliotrope Elementary School, a public school in LAUSD, for second grade. In September 2010, Mother consented to portions of the August 2006 IEP but did not consent to other portions. I.R. was placed in a second grade general education class with a one-on-one special education aide.

A later IEP, prepared on November 9, 2010, recommended placement in a special education environment at Heliotrope. On November 10, 2010, Mother's counsel wrote a letter to Heliotrope's principal in which she consented to some of the services offered in the IEP but disagreed with the special education placement. Among other things, Mother wanted I.R. to be placed in a general education classroom with a one-on-one aide. In a response letter dated November 19, 2010, Heliotrope's principal affirmed that I.R. would remain in her general education placement, pursuant to an earlier IEP issued on October 13, 2010. However, the response letter noted that the IEP

members believed that I.R. required a smaller classroom setting with individualized instruction, which was not available in the general education classroom.

Several more IEP meetings were held throughout I.R.'s second and third grade years, from March 2011 to February 2012. From November 2010 until February 2012, all the IEPs recommended placing I.R. in a special education environment.[1] Mother consented to portions of the IEPs but never consented to the IEPs' proposal to place I.R. outside of the general education classroom. LAUSD implemented components of the services offered in the IEPs to which Mother gave her consent, but not the portions to which Mother did not consent and, as a result, I.R. remained in a general education class with a special education aide.

On May 29, 2012, I.R. filed a request for a due process hearing in which she raised a number of issues. Relevant to this appeal is the issue of whether LAUSD denied I.R. a FAPE by failing to provide I.R. with an appropriate placement during each of the 2010/2011 and 2011/2012 school years. For the most part, LAUSD prevailed at the hearing. The administrative law judge ("ALJ") who conducted the hearing concluded that the program proposed by LAUSD was appropriate for I.R. and that LAUSD had thus offered her a FAPE. The ALJ acknowledged that California Education Code § 56346(f) required LAUSD to initiate a due process hearing if it determined that the

---

[1] IEPs and amended IEPs prepared in November 2010, March 2011, and April 2011 all offered placement in a special education environment. An IEP prepared in June 2011 allowed for placement in a general education class for some classes. An IEP prepared in February 2012 offered placement in a general education class.

component to which a parent did not consent was necessary to provide a FAPE. The ALJ's decision stated that the "District acknowledged that the general education classroom placement was inappropriate and, therefore, [the] District failed to provide [a] FAPE." Nonetheless, the ALJ did not hold LAUSD liable for failing to request a due process hearing. Instead, the ALJ concluded that "the evidence convincingly establishes that [LAUSD] offered an appropriate placement, but Mother's refusal to consent prevented [the] District from implementing and providing a FAPE."

I.R. appealed to the district court, but that court affirmed the ALJ's decision. The court noted that the ALJ had found that LAUSD had not provided I.R. with a FAPE for two years, a finding that LAUSD did not contest before the district court. The court further observed that the ALJ also found that LAUSD had offered an appropriate program, a finding that I.R. did not contest before the district court. Instead, before the district court, I.R. focused on the failure of LAUSD to request a due process hearing. On that subject, the district court noted that the ALJ had excused LAUSD for its failure to provide a FAPE because I.R.'s parents refused to consent to LAUSD's proposed program. The district court agreed and affirmed. With regard to the failure to initiate a due process hearing, the district court held that LAUSD could not initiate such a hearing or take action to override the parents' failure to consent under 20 U.S.C. § 1414. Nor, under that section, the district court held, could LAUSD be held liable for its failure to provide a FAPE. The district court thus affirmed the ALJ's decision in favor of LAUSD.

I.R. timely appealed.  This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. *K.D. ex rel. C.L. v. Dep't of Educ.*, 665 F.3d 1110, 1116 (9th Cir. 2011).

## II.  STANDARD OF REVIEW

I.R. raises questions of law and is thus entitled to de novo review.  *See Amanda J. ex rel. Annette J. v. Clark Cty. Sch. Dist.*, 267 F.3d 877, 887 (9th Cir. 2001) ("Questions of law and mixed questions of fact and law are reviewed *de novo*, unless the mixed question is primarily factual.").  Further, the Ninth Circuit reviews de novo "the district court's decision that the school district complied with the IDEA." *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 758 F.3d 1162, 1170 (9th Cir. 2014) (quoting *K.D.*, 665 F.3d at 1117).

## III.  DISCUSSION

### A.

The district court held that, in effect, 20 U.S.C. § 1414 foreclosed LAUSD from initiating a due process hearing.  We disagree.[2]

When interpreting a statute, the court begins with the statutory text and interprets "statutory terms in accordance with their ordinary meaning, unless the statute clearly expresses an intention to the contrary." *United States v. Neal*, 776 F.3d 645, 652 (9th Cir. 2015).  "[W]e must read the words [of a statute] 'in their context and with a view to their

---

[2] LAUSD conceded as much during oral argument by taking the position that it could have chosen to initiate a due process hearing in this case.

place in the overall statutory scheme.'" *King v. Burwell*, 135 S. Ct. 2480, 2489 (2015) (quoting *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)). "Particular phrases must be construed in light of the overall purpose and structure of the whole statutory scheme." *United States v. Lewis*, 67 F.3d 225, 228–29 (9th Cir. 1995).

The district court's error is apparent upon examination of the plain language of the applicable statutes. The district court appears to have been relying on 20 U.S.C. § 1414(a)(1)(D)(ii)(II),[3] which states that if the parent "refuses to consent to services under clause (i)(II), the local educational agency shall not provide special education and related services to the child by utilizing the procedures described in [20 U.S.C. § 1415]." Section 1415, in turn, grants school districts the power to initiate a due process hearing. However, 20 U.S.C. § 1414(a)(1)(D)(ii)(II) and its implementing regulations, by their plain text, foreclose a school district from initiating a due process hearing only where a parent has refused consent *before the initial provision* of special education and related services. Clause (i)(II), the parental consent provision to which § 1414(a)(1)(D)(ii)(II) refers, states that a school district must obtain parental consent "*before* providing special education and related services to the child." 20 U.S.C. § 1414(a)(1)(D)(i)(II) (emphasis added). The implementing regulation similarly forecloses a school district's ability to file a due process complaint and relieves it of its duty to provide a FAPE only "[i]f the parent of a child fails to respond to a request for, or refuses to consent to, the *initial*

---

[3] The district court did not cite to a specific subsection of 20 U.S.C. § 1414.

provision of special education and related services . . . ." 34 C.F.R. § 300.300(b)(3) (emphasis added).

The statute relied upon by the district court thus does not apply where, as in this case, a parent consented to special education and related services, but did not consent to a specific component of the IEP.[4] The district court therefore erred in concluding that LAUSD could not initiate a due process hearing to address Mother's refusal of the IEPs' recommended placement.

**B.**

LAUSD conceded at oral argument that a school district is required to initiate a due process hearing pursuant to California Education Code § 56346(f). LAUSD argues, however, that its obligation to initiate a due process hearing was not yet triggered.[5]

---

[4] Further, 20 U.S.C. § 1415(b)(6)(A) provides an "opportunity for any party" to present a due process complaint with respect to a child's placement. If § 1414(a)(1)(D)(ii)(II) served to foreclose a school district from initiating a due process hearing where a parent has consented to special education and related services but the parties have disagreements over placement, § 1415(b)(6)(A) would be rendered meaningless.

[5] LAUSD also relies on *Anchorage School District v. M.P.*, 689 F.3d 1047, 1056 (9th Cir. 2012) to argue that it opted to resolve the placement dispute by continuing to work with I.R.'s parents through the IEP process. In *Anchorage*, the court held that where a school district developed an IEP and then received extensive revisions to the IEP from parents, the school district could either continue working with the parents on the IEP or initiate a due process hearing. *Id.* However, in *Anchorage*, the parties were not in California and California Education Code § 56346(f)'s mandate did not apply.

The California Education Code supplements the IDEA. *See J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 433 (9th Cir. 2010) ("Both state statutes and federal regulations supplement IDEA's procedural and substantive requirements."). The California Education Code requires that "*as soon as possible* following development" of the IEP, "special education and related services *shall* be made available to the individual with exceptional needs in accordance" with the IEP. Cal. Educ. Code § 56344(b) (emphasis added).

To that end, California Education Code § 56346(e) requires that the school district implement those portions of the IEP to which the parent has consented if "the parent of the child consents in writing to the receipt of special education and related services for the child but does not consent to all of the components of the [IEP]." In accordance with subsection (e), California Education Code § 56346(f) provides, in pertinent part, that if a school district "determines that the proposed special education program component to which the parent does not consent is necessary to provide" a FAPE, "a due process hearing shall be initiated."

Section 56346(f) thus delineates certain steps that must be taken after an IEP is prepared and presented to the parent if the parent consents in writing to the receipt of special education and related services but does not consent to all components of the IEP. First, the school district must determine whether the proposed special education program component to which the parent does not consent is necessary to provide a FAPE. If the disputed component is determined to be necessary, the school district must initiate a due process hearing. Once the school district determines that the component is necessary, and that the parents will not agree to

it, the district cannot opt to hold additional IEP meetings or continue the IEP process in lieu of initiating a due process hearing. Rather, the school district must initiate a due process hearing expeditiously.

In effect, § 56346(f) compels a school district to initiate a due process hearing when the school district and the parents reach an impasse. As the goal of the statute is to ensure that the conflict between the school district and the parents is resolved promptly so that necessary components of the IEP are implemented as soon as possible, a school district may not artificially prolong the process by failing to make the necessary determination to trigger § 56346(f)'s mandate.

In evaluating how long is too long for a school district to take in determining a component's necessity and initiating a due process hearing, we recognize that the school district must have some flexibility to allow for due consideration of the parents' reasons for withholding consent to an IEP component. Parents are an integral part of the IEP process. *See Amanda J.*, 267 F.3d at 891 ("By mandating parental involvement and requiring that parents have full access to their child's records, Congress sought to ensure that the interests of the individual children were protected." (citing *Board of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 208 (1982))). Indeed, parents are part of the cooperative team that determines the contents of the IEP in the first place. *See M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 851 (9th Cir. 2014) (citing 20 U.S.C. §§ 1400(c)(5)(B), 1414(a)(1)(D), 1414(b)(4)(A); 34 C.F.R. § 300.306(a)(1)). Given the parents' involvement in the process from the first IEP team meeting, a school district should be able to consider the parents' position and make a

determination as to a disputed component's necessity within a reasonable period of time.

The relevant period in this case runs from November 2010, when Mother failed to consent to I.R.'s placement in a special education environment, to May 2012, when I.R. requested a due process hearing. LAUSD does not contend that it took that entire period for it to assess whether placement in a special education environment was necessary to provide I.R. with a FAPE. LAUSD had already reached that conclusion when it prepared the November 2010 IEP.

Instead, LAUSD simply argues that during that year and a half time frame, it was continuing to try to work with I.R.'s parents through the IEP process. It argues that "[w]hile [LAUSD] may eventually have had to initiate the due process hearing proceedings pursuant to California Education Code, section 56346(f), it was still attempting to use the IEP team meeting process prior to doing so." Indeed, it was finally I.R.'s parents who requested a due process hearing. LAUSD never did.

LAUSD's approach cannot be squared with the requirement to initiate a due process hearing imposed on school districts under California Education Code § 56346(f). The statute does not say that a school district is obligated to request a due process hearing "eventually" or "when the school district finally gets around to it." If, in the school district's judgment, the child is not receiving a FAPE, the district must act with reasonable promptness to correct that problem by adjudicating the differences with the parents. The reason for this urgency is that it is the child who suffers in the meantime. LAUSD had concluded that I.R. was not receiving a FAPE in her current placement. The obvious point of

§ 56346(f) is to minimize the duration of the denial of a FAPE by requiring the school district, if it cannot reach agreement with the child's parents, to initiate the process to adjudicate the dispute.

In other circumstances, determining within what time period the school district must act might require factual findings by the trier of fact, an ALJ, or a district court. In this case, though, it is plain that the delay of LAUSD of more than a year in requesting a due process hearing was unreasonable. A vague hope that maybe an agreement with the child's parents will be reached someday is not enough to justify putting off the obligation imposed by section 56346(f). Accepting the explanation offered by LAUSD here would effectively gut the statute.

A school district's failure to comply with a procedural requirement, such as the requirement of California Education Code § 56346(f), denies a child a FAPE when the procedural inadequacy "result[s] in the loss of educational opportunity" or "cause[s] a deprivation of educational benefits." *M.M.*, 767 F.3d at 852 (quoting *N.B. v. Hellgate Elementary Sch. Dist.*, 541 F.3d 1202, 1207 (9th Cir. 2008)). LAUSD's failure to comply with its obligation to initiate the adjudication process left I.R. to remain in a placement that LAUSD itself acknowledged was inappropriate. To the extent that I.R. lost an educational opportunity and was deprived of educational benefits for an unreasonably prolonged period, LAUSD can be held responsible for denying her a FAPE for that unreasonably prolonged period.

## C.

LAUSD has argued that its sole obligation under the IDEA was to *offer* I.R. a FAPE, an obligation it claims was satisfied by its November 9, 2010 offer of special education placement, along with its later, similar offers during 2011. I.R., in response, has argued that school districts also have a duty to *provide* a FAPE to students by implementing any proposed plan. We do not agree that a school district's duty extends quite this far. As I.R. herself argues, parents retain the right to refuse consent to an offer of a FAPE. *See* 34 C.F.R. § 300.300(d)(3). Accordingly, it would prove impossibly onerous to require school districts to somehow implement a rejected IEP and provide a FAPE in the face of such refusal.

But this does not mean that the mere offer of a FAPE is enough to immunize a district from liability. As we have explained, school districts in California must comply with the additional requirement imposed by the California Education Code of initiating a due process hearing if agreement between the district and the parent on an appropriate placement cannot be reached. LAUSD's failure to initiate a due process hearing, as was required under California law, directly resulted in a clear injury, namely I.R. remaining in an inappropriate program for a much longer period of time than should have been the case.

On remand, the district court shall determine the appropriate remedy for this injury.

## IV.  CONCLUSION

For the foregoing reasons, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

**REVERSED** and **REMANDED**.