**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

A. W., by and through his parent and
guardian ad litem, Amy Wright,

        Plaintiff-Appellant,

v.

TEHACHAPI UNIFIED SCHOOL
DISTRICT,

        Defendant-Appellee.

No. 19-15680

D.C. No. 1:17-cv-00854-DAD-JLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted June 3, 2020[**]
Pasadena, California

Before: W. FLETCHER and LEE, Circuit Judges, and AMON,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

A.W.'s parents claim that the Tehachapi Unified School District (TUSD) (1) failed to provide A.W. with a free appropriate public education (FAPE) as required by the Individuals with Disabilities Education Act (IDEA) and (2) failed to file a necessary due process complaint. The ALJ and district court rejected the claims.[1] We affirm.

At the time relevant to this appeal, A.W. was a nine-year-old boy who had been diagnosed with high-functioning autism spectrum disorder and ADHD. In early 2014, A.W. moved to the TUSD, "at which time he sought special education and related services." A.W. presented with behavioral issues, specifically "banging objects together and knocking items off of shelves"; "aggression, defined as kicking, hitting, and biting"; and "eloping, defined as leaving the classroom or school boundaries without permission."

A.W.'s parents requested "ABA/BCBA services" and claim that the District has not provided them. ABA is Applied Behavior Analysis, and A.W.'s parents requested that his one-to-one aide be trained in the mode of analysis. A BCBA is a

---

[1] On appeal, A.W.'s parents raise several other issues, which were not included in their underlying due process complaint. Because, subject to two exceptions that do not apply here, only those claims that were raised in the complaint may be considered, we do not address any additional arguments. *See M.C. ex rel. M.N. v. Antelope Valley Union High Sch. Dist.*, 858 F.3d 1189, 1195–96 (9th Cir. 2017).

Board-Certified Behavior Analyst, and A.W.'s parents requested that such an analyst supervise the one-to-one ABA-trained aide for two hours each week. It is undisputed that A.W. was provided with an aide with ABA training. It is also undisputed that the ABA-trained aide was not supervised for two hours a week by a BCBA after the March IEP meeting.

We are presented with two questions: (1) whether BCBA supervision of the student's one-to-one aide was necessary to provide A.W. with a FAPE under the IDEA, and (2) whether TUSD should have initiated a due process hearing to resolve any disagreement with A.W.'s parents about his IEP. The ALJ determined that plaintiff failed to carry the burden on either claim, and the district court agreed. We affirm.

Plaintiff argues that the TUSD denied A.W. a FAPE by refusing ABA/BCBA services. Because the burden of persuasion when challenging an IEP falls upon the challenger, *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 62 (2005), plaintiff must prove by a preponderance of the evidence, *Forest Grove Sch. Dist. v. T.A.*, 523 F.3d 1078, 1084 (9th Cir. 2008), that A.W.'s IEP was not "reasonably calculated to enable [him] to make progress appropriate in light of his circumstances," *Endrew F. ex rel Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, 137 S. Ct. 988, 1002 (2017). In determining that the TUSD had provided A.W. with a

3

FAPE, the district court did not commit legal error in finding that plaintiff had not met his burden because "[t]he sole evidence cited by plaintiff as to why A.W. required a one-to-one aide with BCBA supervision is that A.W.'s disruptive behavior had not been eliminated," as testified to by A.W.'s mother.

Plaintiff also argues that under Cal. Educ. Code § 56346(f) (2011) the TUSD was required either to get the parents' agreement or to provide a due process hearing in order to deny the requested ABA/BCBA services. Under Cal. Educ. Code § 56346(f) and *I.R. ex rel. E.N. v. L.A. Unified Sch. Dist.*, 805 F.3d 1164, 1168–69 (9th Cir. 2015), a school district need provide a due process hearing only if it "determines that the proposed special education program component to which the parent does not consent is necessary to provide a free appropriate public education to the child." The ALJ concluded that the school district appropriately determined that BCBA supervision requested by A.W.'s parents was not necessary to A.W.'s FAPE, and the district court properly concluded that substantial evidence supported the ALJ's conclusion.

**AFFIRMED.**

4